IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

REY DE LOS SANTOS SANJURJO,     *
　et al.                                            *
                                                       *
　　　　Plaintiffs                              *
                                                       *
v.                                                    *     Civil No. 07-1626(SEC)
                                                       *
METROPOLITAN BUS AUTHORITY, *
　et al.                                            *
                                                       *
　　　　Defendants                          *
**********************************

**OPINION AND ORDER**

Pending before the Court is the Commonwealth of Puerto Rico's (hereinafter the Commonwealth) Motion to Dismiss (Docket # 6), which stands unopposed.[1] After reviewing the filings and the applicable law, the Commonwealth's motion to dismiss (Docket # 6) will be **GRANTED**.

**Standard of Review:**

*Fed. R. Civ. P. 12(b)(6)*

To survive a Rule 12(b)(6) motion, Plaintiffs' "well-pleaded facts must possess enough heft to show that [they are] entitled to relief." Clark v. Boscher, 514 F. 3d 107, 112 (1st Cir. 2008). In evaluating whether Plaintiffs are entitled to relief, the Court must accept as true all of their "well-pleaded facts [and indulge] all reasonable inferences therefrom." Id. However, Plaintiffs must rely in more than unsupported conclusions or interpretations of law, as these will be rejected. Id. That is, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true." Parker v. Hurley, 514 F. 3d 87, 95 (1st Cir. 2008). Therefore, "dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct

---

[1] On 9/6/2007, Plaintiffs filed a Motion for Extension of Time to oppose the Commonwealth's motion to dismiss. See, Docket # 7. The Court granted Plaintiffs' motion and ordered them to file the opposition by 9/27/2007. See, Docket # 8. The Commonwealth moved for the Court to deem its motion unopposed (see, Docket # 9), and the Court granted its request. See, Docket # 10. To date, Plaintiffs have not moved the Court to reconsider said order. Therefore, the motion to dismiss stands unopposed.

**Civil Case No. 07-1626(SEC)** 2

or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F. 3d 301, 305(1st Cir. 2008). The Court "may augment the facts in the complaint by reference to documents annexed to the complaint or fairly incorporated into it, and matters susceptible to judicial notice." Id. at 305-306.

**Factual and Procedural Background:**

We recite the facts as alleged in the complaint, and draw all reasonable inferences in Plaintiffs' favor. Plaintiffs are Rey de Los Santos Sanjurjo-Santiago; his mother, María L. Santiago-Rodríguez; his brothers, Roberto Gerena-Santiago, Jorge Antonio Pardo-Santiago, Luis O. Pardo-Santiago, César J. Sanjurjo-Santiago and William E. Sanjurjo-Santiago; and his sister, Miriam G. Pardo-Santiago. Co-Plaintiff Rey de Los Santos Sanjurjo-Santiago (hereinafter Rey Sanjurjo or the Plaintiff), is a HIV positive individual. He alleges that he is substantially impaired physically, and, therefore, requires the assistance of a wheelchair or scooter for his everyday transportation, as he is unable to move about alone. On July 14, 2006, Rey Sanjurjo boarded a bus, property of the Metropolitan Bus Authority (hereinafter AMA), which provided regular passenger service along a fixed route between the Municipality of San Juan and Carolina, pursuant to the AMA regular service schedule. The bus was driven by an AMA employee, Mr. Rolando Claudio Esquilín (hereinafter Mr. Esquilín). After Rey Sanjurjo boarded the bus, Mr. Esquilín assisted him and secured him in a specially-designated area behind Mr. Esquilín's seat (the driver's seat). Mr. Esquilín fastened the Plaintiff and secured his wheelchair to the floor. Thereafter, Mr. Esquilín resumed driving. After a while, the bus came to an intersection where Mr. Esquilín made a sudden turn to round a street corner and Plaintiff's wheelchair turned over on its side, and Plaintiff was ejected from his wheelchair. As a result of the accident, Plaintiff sustained physical injuries and began to bleed profusely. Mr. Esquilín drove the bus to San Francisco Hospital to procure medical attention for the Plaintiff. However, Mr. Esquilín left him in the emergency room without awaiting for medical personnel to evaluate him.

Plaintiffs sued the AMA, the Commonwealth of Puerto Rico, and the Department of

**Civil Case No. 07-1626(SEC)**                                                                                   3

Public Transportation (DTOP) for the damages suffered in the accident by Rey Sanjurjo and the mental anguish of his mother and siblings as a result thereof. Plaintiffs seek relief under the American with Disabilities Act of 1990, the Rehabilitation Act of 1973, the First, Fifth and Fourteenth Amendments to the Untied States Constitution, and 42 U.S.C.A. § 1981, 1983, 1985, 1986, & 1988. Plaintiffs seek a monetary award of $950,000 against the aforementioned defendants.

Plaintiffs served the complaint only against the DTOP and the Commonwealth. See, Dockets ## 3 & 4. The DTOP's answer was due on 8/22/2007, but it has failed to appear as of today. On the other hand, the Commonwealth filed the instant motion to dismiss. The Commonwealth raises four arguments in support of the dismissal of this case: (1) that it is entitled to Eleventh Amendment immunity against Plaintiffs' claims for damages, (2) that Plaintiffs have failed to plead a cause of action against the Commonwealth, as all the allegations of negligence are directed to the AMA, the owner of the bus, and to Mr. Esquilín, its employee, (3) that most Plaintiffs lack standing to sue for damages under 42 U.S.C.A. § 1983, and (4) that pending state law claims should be dismissed. As stated above, Plaintiffs have failed to appear to oppose the Commonwealth's motion. We address the Commonwealth's arguments below.

**Applicable Law and Analysis:**

*Eleventh Amendment Immunity*

The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State. U.S. Const. Am. XI.

Although the Eleventh Amendment literally seems to apply only to suits against a State by citizens of another State, the United States Supreme Court (Supreme Court) has consistently extended the scope of this Amendment to suits by citizens against their own State. See, Board of Trustees of the Univ. of Ala. v. Garrett, 121 S. Ct. 955, 962 (2001); see also, Kimel

**Civil Case No. 07-1626(SEC)**                                                                                                   4

v. Fla. Bd. of Regents, 528 U.S. 62, 72-73 (2000); Hans v. Louisiana, 134 U.S. 1, 15 (1890). Even though the Commonwealth of Puerto Rico is not a state, it enjoys the protection of the Eleventh Amendment. See, Jusino-Mercado v. Commonwealth of Puerto Rico, 214 F.3d 34, 37 (1st Cir. 2000); Ortiz Feliciano v. Toledo Dávila, 175 F.3d 37, 39 (1st Cir. 1999); Futura Development v. Estado Libre Asociado. 144 F.3d 7,12-13 (1st Cir. 1998); Culebras Enters. Corp. v. Rivera Ríos. 838 F.2d 506, 516 (1st Cir. 1987); Ramírez v. Puerto Rico Fire Servs., 715 F.2d 694, 697 (1st Cir. 1984).

The Supreme Court has established that the Eleventh Amendment protection primarily furthers two goals: the protection of a state's treasury and the protection of its dignitary interest of not being haled into federal court. Fresenius Med. Care Cardiovascular Res., Inc. v. P.R. & the Caribbean Cardiovascular Ctr. Corp., 322 F.3d 56, 61 (1st Cir. 2003) (citing, Fed. Mar. Comm'n v. S.C. State Ports Auth., 535 U.S. 743 (2002)). However, the Eleventh Amendment immunity is not absolute and may be waived by the state or "stripped away" by Congress. Metcalf & Eddy v. P.R.A.S.A., 991 F.2d 935, 938 (1st Cir. 1993). There are four (4) circumstances in which the Eleventh Amendment protection unravels: (1) when a state consents to be sued in a federal forum; (2) when a state waives its own immunity by statute or the like; (3) when Congress abrogates state immunity ("so long as it speaks clearly and acts in furtherance of particular powers"); and (4) when, provided that circumstances allow, other constitutional imperatives take precedence over the Eleventh Amendment's protection. Id. at 938 (citations omitted). Despite number two above, the First Circuit has held that the fact that a state has waived its immunity to be sued does not automatically means that it waived its immunity in federal court. See, Díaz-Fonseca v. Commonwealth of Puerto Rico, 451 F. 3d 13, 33 (1st Cir. 2006)(holding that although the Commonwealth waived its immunity to be sued in certain circumstances in its own courts, it did not waive its immunity to be sued in federal court).

The above discussion provides support to the Commonwealth's motion to dismiss the claims for damages against it. Plaintiffs have not opposed the Commonwealth's motion, and,

**Civil Case No. 07-1626(SEC)**                                                                                                  5

as such, has failed to establish that any of the exceptions to the immunity is present in this case. Therefore, Plaintiffs' claims against the Commonwealth pursuant to state law, and the U.S. Constitution are hereby **DISMISSED without prejudice**. However, it is well settled law that Congress abrogated the states' sovereign immunity through the passing of the ADA when the complained of conduct actually violates the U.S. Constitution or is prohibited by the ADA to deter unconstitutional conduct. See, Toledo-Sánchez v. Toledo, 454 F. 3d 24, 31 (1st Cir. 2006). As such, Plaintiffs' ADA claims against the Commonwealth cannot be dismissed on Eleventh Amendment immunity grounds. However, this does not end our inquiry.

The Commonwealth has correctly argued that Plaintiffs' complaint is completely lacking in allegations against it. Plaintiffs' negligence allegations are directed only against the AMA, as a "P.R. public corporation created by... law for the purpose of, inter alia, providing safe and reliable mass public transportation services in the Commonwealth of Puerto Rico, ... by operating buses and other vehicles...." Docket # 1 ¶ 2.4. The Commonwealth argues that, according to the organic law that created the AMA, it is a "body corporate... created to act on its own authority... and ... **a public corporation having legal existence and personality separate and apart from those of the Government and from any of the officers thereof**." 23 Laws of P.R. Ann. § 603(a)(emphasis added). Therefore, the law, as stated, suggests that any allegations made against the AMA, as an entity independent from the Government will not reach the Commonwealth. Our conclusion is further supported by part (b) of the aforementioned section. Said subsection provides that any "debts [or] obligations... of the [AMA], it (sic) officers, agents or employees shall be deemed to be those of said government-controlled corporation and not to be those of the Commonwealth Government or any office, bureau, department, commission, dependency, municipality, branch, agent, officer or employee thereof." 23 Laws of P.R. Ann. § 603(b).

Plaintiffs' complaint avers that Mr. Esquilín was employed by the AMA. Therefore, any negligent or intentional acts committed by Mr. Esquilín, as an employee of the AMA,

**Civil Case No. 07-1626(SEC)**                                                                                                                6

by law, cannot be attributed to the Commonwealth. We believe that the language of the law incorporating the AMA strongly suggests that any liability that might attach against the AMA for its failure to comply with the ADA, will not extend to the Commonwealth of Puerto Rico. Because Plaintiffs failed to oppose the Commonwealth's motion to dismiss, the Court is without any guidance to interpret the law differently. Therefore, the Court will also **DISMISS with prejudice** Plaintiffs' claims against the Commonwealth pursuant to the ADA.

*Plaintiffs' claims against the P.R. Department of Transportation*

Plaintiffs' complaint also alleged that Rey Sanjurjo's injuries were the result of the DTOP's negligence. Plaintiffs served summons against the DTOP on 8/11/2007, through its agent, Carlos González Miranda, see, Docket # 3. Therefore, the DTOP's answer or appearance was due by 8/22/2007. Id. The DTOP has not answered the complaint nor otherwise plead ever since. Seven months later, Plaintiffs have not moved the Court for the entry of default against them. The Court takes these serious omission as an indication of Plaintiffs' lack of interest in prosecuting this case against the DTOP. Therefore, Plaintiffs' claims against the DTOP are hereby **DISMISSED with prejudice.**

*Plaintiffs' claims against the AMA*

Finally, as stated above, Plaintiffs' allegations in the complaint are clearly directed at the AMA. The record shows that summons against the AMA were issued on 7/16/2007, and service against the AMA was due by 11/13/2007. See, Docket # 2. Notwithstanding, to date, almost four months after service was due against the AMA, Plaintiffs have failed to provide proof of service against it. Fed. R. Civ. P. 4(m) provides that"[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time...." Therefore, pursuant to Fed. R. Civ. P. 4(m), the Court is hereby **giving notice** to Plaintiffs that it intends to dismiss this case if proof of service against the

**Civil Case No. 07-1626(SEC)**                                                                                                7

AMA is not filed by **3/17/2008**.  Any requests for an extension of time to serve process shall be filed before the expiration of this term, showing good cause why it should be granted.

### Conclusion

In view of the above discussion, the Court will **GRANT** the Commonwealth's Motion to Dismiss (Docket # 6). Plaintiffs' state law claims against the Commonwealth are barred by the Eleventh Amendment immunity, and are hereby **DISMISSED without prejudice**. However, Plaintiffs' federal claims against the **Commonwealth are DISMISSED with prejudice**. Plaintiffs' claims against the DTOP are also **DISMISSED with prejudice** for Plaintiffs' lack of prosecution of their claims against it. On the other hand, **Plaintiffs' claims against the AMA will be DISMISSED without prejudice if proof of service or good cause is not shown by 3/17/2008**.

**SO ORDERED.**

In San Juan, Puerto Rico, this 11th day of March, 2008.

                                        S/ *Salvador E. Casellas*
                                        SALVADOR E. CASELLAS
                                        S/U.S. *Salvador E. Casellas*